UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EASON AUTOMATION SYSTEMS, INC.,

    Plaintiff,

                                        HONORABLE DENISE PAGE HOOD

v.

                                        CASE NO. 06-14553

THYSSENKRUPP FABCO, CORP.,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Rehearing or Reconsideration, filed October 18, 2007 [**Docket No. 22**] of this Court's Order Denying Plaintiff's Motion of Immediate Possession [**Docket No. 21**]. Plaintiff claims that this Court's order contains a palpable defect in holding that "there remain issues of fact as to which document constitutes the contract in this case - the quotes prepared by Plaintiff or the purchase orders prepared by Defendant. Until this issue is resolved, the Court is unable to determine whether Michigan law applies and whether the Michigan Special Tools Lien Act applies." (Docket No. 21, p. 8).

**II.    FACTS AND PROCEDURAL POSTURE**

Plaintiff Easom Automation Systems, Inc. is a Michigan corporation with its principal place of business in Madison Heights, Michigan. (Pl.'s Comp. at 1). Defendant Thyssenkrupp Fabco Corp., is a Nova Scotia corporation headquartered in Ontario. (Def.'s Mot. to Dismiss at

1, 2). Plaintiff filed this action alleging that Defendant failed to make proper payments on the sale of the Sports Bar Assembly, a special machine that Plaintiff manufactured and designed for Defendant, and which Defendant continues to operate. (Pl. Mot. for Immediate Possession at 2). On January 30, 2007, Plaintiff filed a Motion for Immediate Possession of the machine under Michigan's Special Tools Lien Act. Defendant argued that Michigan law did not apply, claiming that the August 30, 2005 Purchase Order it drew up constituted the offer and contained a term mandating that Canadian law would apply to any disputes. (Def.'s Resp. to Pl.'s Mot. for Immediate Possession at 3). Plaintiff argued that the *offer* was the quote it sent to Defendant on July 19, 2005 and the contract was formed when Defendant gave verbal orders to begin work on the machine. (Pl.'s Mot. For Reconsideration at 4). Consequently, Plaintiff asserts that use of Michigan law is not precluded since no choice of law provision was in its offer. *Id.*

In its order denying Plaintiff's Motion for Immediate Possession, this Court held that there still remained a question of fact as to when the contract was created and no decision as to immediate possession could be made until that issue was resolved. (Order Denying Pl.'s Mot. for Immediate Possession). Plaintiff filed a Motion to Reconsider its Motion for Immediate Possession stating that the Court's order contained a palpable defect in ruling that an issue of fact remained as to when the contract was created. (Pl.'s Mot. for Reconsideration at 3). Plaintiff argues that when the contract was formed is a question of law for the Court to determine. *Id.* Additionally, Plaintiff argues that the Court's order contains a palpable defect because it states that if the Defendant's purchase order constitutes the offer, then Plaintiff cannot access the Michigan Special Tools Lien Act because it waived its right to do so under a term of the Purchase Order. (Pl.'s Mot. for Reconsideration at 5).

## III. APPLICABLE LAW & ANALYSIS

In analyzing motions for reconsideration, the Court is guided by a standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsidering that merely present the same issues ruled upon by the court, either expressly or by reasonable interpretation. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled by also show that correcting the defect will result in a different disposition of the case. L.R. 7.1(g)(3).

This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Sommer v. Davis,* 317, F.3d 686, 691 (6th Cir. 2003).

The Plaintiff has successfully shown that there is was a palpable defect in the Court's finding that there remains a question of fact as to when the contract was formed. The matter is a question of law for the Court to determine. *See Scaife v. Associated Air Center, Inc.,* 100 F.3d 406 (5th Cir. 1996); *Echo, Inc. v. Whitson Co., Inc.,* 121 F.3d 1099 (7th Cir. 1997); *Recupero v. New England Tel and Tel. Co.,* 118 F.3d 820 (1st Cir. 1997). The Court notes, however, that Plaintiff's original Motion for Immediate Possession was in substance a motion to determine the applicable law, even though Plaintiff did not request that this Court make a finding on that matter.

The United Nations Convention on Contracts for the Sale of International Goods (CISG), May 1980, S.Treaty. No. 9, 98th Cong., 1st Sess.22 (1983), 19 I.L.M. 671 (reprinted at U.S.C.S. Int.'l Sale Goods) controls here as it "applies to contracts of sale of goods between parties whose places of business are in different states ... when the States are Contracting States." *See* CISG, Art. 1. Both the United States and Canada are signatories to the CISG. Courts have held that

parties can only opt out of the CISG if their contract explicitly states this fact. *See BP Oil Int'l,* 332 F.3d at 337 (5th Circuit, 2003); *Asante Techs., Inc. V. PMC-Sierra, Inc.*, 164 F.Supp. 2d 1142, 1150 (N.D. Cal. 2001) ("A signatory's assent to the CISG necessarily incorporates the treaty as part of that nation's domestic law." *See also Ajax Tools Works, Inc. v. Can-Eng Manu. Ltd.,* 2003 U.S. Dist. LEXIS 1306, at 8 (holding that since Germany was a contracting state, the CISG was an integral part of German law). Since neither the Plaintiff's quote nor the Defendant's Purchase Order contained an express provision opting out of the CISG, it is appropriate to apply it here.

The CISG governs only the formation of a contract and states that a proposal is an offer if it is "sufficiently definite and indicates the intention of the offeror to be bound in case of acceptance." *See* CISG, Art. 14. Article 14 further states that "[a] proposal is sufficiently definite if it indicates the goods and expressly or implicitly fixes or makes provisions for determining the quantity and the price." *Id.* Plaintiff's quote (Pl. Complaint at 14, Pl.'s Ex. 1), clearly states the cost of building the machine, the date of delivery, a timeline for production, and details about the product to be manufactured.[1] The quote is sufficiently definite to constitute an offer under the

---

[1] The quote also contained the following provision:

**AGREEMENT OF SALE**

1. Any terms and provisions of buyer's orders which are inconsistent with, additional or different from the terms and provisions of this order acknowledgment are rejected, will not be binding on the seller nor considered applicable to the sale or shipment referred to herein. Unless buyer shall notify seller in writing within fifteen (15) days after receipt of this order acknowledgment by buyer, acceptance of the terms and conditions hereof by buyer shall be indicated, and in the absence of such notification, the sale and shipment by the seller of the products covered hereby shall be conclusively deemed to be subject to the terms and conditions hereof. No waiver, alteration, or modification of the provisions hereof shall be binding on the seller unless agreed to in writing by a duly authorized official of seller at its headquarters office(s) ....

CISG. An acceptance under the CISG is "[a] statement made by or other conduct of the offeree indicating assent to an offer" and becomes effective the moment the offeror receives indication of assent. CISG, Art. 18(1)-(2). The affidavit of Plaintiff Company's Chief Financial Officer states that on July 19, 2005, after receiving the quote, Defendant instructed Plaintiff to commence work on the machine. Defendant has not countered this assertion. (*See* Defendants Resp. to Plaintiff's Mot. for Immediate Possession). As such, the contract was formed upon verbal assent of Defendant which indicated that Plaintiff should begin work on the machine and application of Michigan law is not precluded.

Although Michigan law applies, Plaintiff offers no support for its proposition that Michigan's Special Tools Lien Act allows it to repossess collateral outside of Michigan. The Act gives a special tool builder "the right to possession of the special tool by judgment, foreclosure, or any available judicial procedure" if he is not paid. M.C.L §570.567. The Act is silent as to whether this right applies to tools in possession of corporations in different states and countries. *"Turning the Screws: Enhanced Rights Under the Michigan Special Tools Lien* Act, Mich. Bus. L.J., Spring 2003, 26, 29-30. It is also unclear whether the provisions of the UCC dealing with choice of law issues apply to Michigan lien holders under the Act. *Id.*

IV. **CONCLUSION**

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [**Docket No. 22**] of its Motion for Immediate Possession [**Docket No. 21**] is GRANTED.

---

( *See* Pl.'s Resp. to Defendant's Mot. to Dismiss, Pl.'s Ex. 2)

IT IS FURTHER ORDERED that Plaintiff's Motion for Immediate Possession [**Docket No. 11**] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a status conference is set for June 17, 2008 at 3:45 p.m.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: April 25, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 25, 2008, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager